UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBORAH DAVIS | CIVIL ACTION |
| VERSUS | NO: 11-1563 |
| JEREMY CASSIDY, WILLS VALLEY MEATS, LLC, PROGRESSIVE SECURITY INSURANCE COMPANY and GHANEM H. GHANEM | SECTION: R |

**ORDER AND REASONS**

Before the Court are plaintiff Deborah Davis's and defendants Progressive Security Insurance Company's and Ghanem H. Ghanem's motions to remand. Finding that nondiverse defendants were improperly joined to defeat diversity, the Court has subject matter jurisdiction in the action against diverse defendants only. Davis's motion to remand the entire matter is thus DENIED. Progressive Security's and Ghanem's motion to remand claims asserted against them is GRANTED.

I. BACKGROUND

This case arises out of two separate auto accidents occurring five months apart. The first occurred in Orleans Parish on June 30, 2010 when an 18-wheeler driven by defendant Jeremy Cassidy and owned by defendant Wills Valley Meats, LLC allegedly rear-ended plaintiff's car, causing her neck and lower back

injuries.[1] The second occurred in Jefferson Parish on November 25, 2010 when plaintiff's vehicle again was rear-ended, this time by a vehicle owned and operated by defendant Ghanem H. Ghanem.[2] Plaintiff alleges that this second accident aggravated the neck and lower back injuries that she had sustained in the first collision.[3]

Plaintiff, a Louisiana citizen and domiciliary of Jefferson Parish, filed suit in Orleans Parish Civil District Court on May 31, 2011, joining as party defendants the drivers, owners, and insurers in both accidents.[4] On July 5, Progressive Specialty – insurer of the 18-wheeler involved in the June 30 accident – removed the case to federal court.[5] Although complete diversity as to all defendants is lacking, Progressive Specialty argues that Ghanem H. Ghanem and his insurer Progressive Security, both Louisiana citizens for the purposes of diversity jurisdiction, were improperly joined to destroy diversity.[6] Progressive Specialty insists that without a connection between the initial

---

[1] R. Doc. 1-2 at 1-2. There is no dispute in this case that all defendants involved in the first accident are diverse from plaintiff for jurisdictional purposes.

[2] *Id.*

[3] *Id.*

[4] *See id.*

[5] *See* R. Doc. 1.

[6] *Id.* at 4.

2

and subsequent accidents, joinder was improper, and the Court must ignore the citizenship of the defendants involved in the latter accident.[7] Plaintiff contends that joinder was proper, and consequently, that this Court is without subject matter jurisdiction.[8] She moves this Court to remand the case to state court.[9] Nondiverse defendants Ghanem H. Ghanem and Progressive Security similarly move for remand.[10]

**II. STANDARD**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 U.S. Dist. LEXIS 10227

---

[7] R. Docs. 1, 9.

[8] R. Doc. 7-1 at 3-6.

[9] R. Doc. 7.

[10] R. Doc. 8.

(E.D. La. 1995). Though the Court must remand to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). When a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332. But a defendant may remove by showing that the nondiverse party was joined fraudulently. *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). *See also Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005) (noting that the Fifth Circuit "now refers to 'fraudulent joinder' as 'improper joinder'").

Whether joinder was improper in this case ultimately turns on the Fifth Circuit's recognition of a principle first established in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In *Tapscott*, the Eleventh Circuit recognized the possibility of fraudulent joinder when a diverse defendant is joined with a nondiverse defendant as

to whom there is no joint, several or alternative liability, and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *See id.* The court identified this scenario as a third type of fraudulent joinder in addition to the two identified in *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).[11] Under *Tapscott*, only "egregious" misjoinder of parties with no real connection to each other, and not "mere" misjoinder, constitutes improper joinder under federal law. *Tapscott*, 77 F.3d at 1360.

Several Fifth Circuit cases indicate this circuit's adoption of the *Tapscott* conception of fraudulent, or improper, joinder. In *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002), the Fifth Circuit stated that a district court in its jurisdictional determination should consider whether misjoinder of a nondiverse party can defeat diversity jurisdiction. *Id.* at 298 (citing *Tapscott*, 77 F.3d at 1360). In a later petition for a writ of mandamus in that case, the court held that it did not have jurisdiction to review the district court's conclusion as to misjoinder, but it stated that its decision did not "detract[] from the force of the *Tapscott* principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent

---

[11] 344 F.3d 458 (5th Cir. 2003). In *Ross*, the Fifth Circuit noted that a defendant may establish improper joinder by showing either: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant. 344 F.3d at 461.

5

misjoinder of defendants to circumvent diversity jurisdiction." *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-31 (5th Cir. 2002).

More recently, the Fifth Circuit appeared to recognize the *Tapscott* principle in *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006). There, the Fifth Circuit determined that federal jurisdiction over removed claims against a diverse defendant was proper, even though removal was precipitated by the state court's severance of these claims from plaintiff's claims against a nondiverse defendant over plaintiff's objection. *Id.* at 533. Plaintiff argued that the removal was improper because it was not based on the voluntary act of the plaintiff. The Fifth Circuit confirmed that dismissal of a fraudulently joined defendant was an exception to the voluntary-involuntary rule. *Id.* The court then held that even if the scenario before it did not satisfy the criteria for traditional fraudulent joinder (*i.e.*, fraud in the pleadings or inability to establish a cause of action against the in-state defendant), a like exception to the voluntary-involuntary rule applied to the improperly joined claims. The court stated:

> The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly ... joined.

6

*Id.* In reaching its conclusion, the court cited *Tapscott* by analogy. *Id.* at n.5.

The Fifth Circuit's apparent endorsement of the *Tapscott* principle in these cases, coupled with the Eastern District's like assessments, guides this Court's analysis. *See, e.g., Hospitality Enters. v. Westchester Surplus Lines Ins. Co.*, 2011 U.S. Dist. LEXIS 40162, at *5-6 (E.D. La. 2011) (applying *Tapscott*); *Turner v. Murphy Oil USA, Inc.,* 2007 U.S. Dist. LEXIS 60995, at *5 (E.D. La. 2007) (same); *Defourneaux v. Metropolitan Property and Cas Ins. Co.*, 2006 U.S. Dist. LEXIS 61550, at *3 (E.D. La. 2006) (same).

## A. Whether to Apply State or Federal Law

Under *Tapscott*, the Court must determine if joinder in this case was so egregious as to constitute "improper joinder." As a predicate to that decision, the Court must first decide whether federal or state joinder rules apply in a *Tapscott* analysis. Louisiana federal courts have not been of one mind on the issue.[12]

---

[12] Cases in which the court applied state joinder rules include *Hospitality Enters.*, 2011 U.S. Dist. LEXIS 40162, at *5-6 (E.D. La. 2011); *Turner*, 2007 U.S. Dist. LEXIS 60995, at *5 (E.D. La. 2007); and *Williams v. Exec. Risk Specialty Ins. Co.*, 2011 U.S. Dist. LEXIS 64348, at *14-15 (W.D. La. 2011). Cases in which the court applied federal joinder rules under F.R.C.P. 20 include *Akshar 6, L.L.C. v. Travelers Cas. and Sur. Co. of Am.*, 2010 U.S. Dist. LEXIS 57937 (W.D. La. 2010); and *Defourneaux v. Metro. Prop. and Cas Ins. Co.*, 2006 U.S. Dist. LEXIS 61550, at *3 (E.D.

7

Several years ago, this Court addressed the same question, and reasoned that state joinder law should govern the Court's analysis. *See Accardo v. LaFayette Ins. Co.*, 2007 U.S. Dist. LEXIS 6859, at *13-14 (E.D. La. 2007). Nothing has changed in the interim that alters this Court's assessment. This approach "shares the same conceptual rationale underlying the doctrine of fraudulent joinder," *id.* at *14 (quoting *Jamison v. Purdue Pharma Co.*, 251 F. Supp. 2d 1315, 1321 n.6 (S.D. Miss. 2003)), since the fraudulent joinder analysis requires federal courts to look to the substantive law of the state in which an action was brought to determine if a plaintiff is unable to state a claim against a nondiverse defendant. As plaintiff here brought her action in state court and was required to follow state joinder rules in so doing, these state rules remain the relevant ones to determine the propriety of joinder in the Court's analysis of whether removal to federal court was warranted. Further, application of state joinder rules "is consistent with the heightened sensitivity to federalism concerns that permeates the law of removal." *Id.* at *15 (quoting *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 381 (S.D.N.Y. 2006). A state obviously may

---

La. 2006). Other courts simply conduct their *Tapscott* analyses without deciding which set of joinder rules to apply. *See, e.g.*, *Zeber v. E.L. Cretin, L.L.C.*, 2010 U.S. Dist. LEXIS 141421 (M.D. La. 2010); *Bienemy v. Cont'l. Cas. Co. B.A.H. Express, Inc.*, 2010 U.S. Dist. LEXIS 12748, at *13 (E.D. La. 2010) (finding it "unnecessary to decide the issue").

adopt broader joinder principles than those embodied in the Federal Rules, and a plaintiff should not lose her choice of forum as a result of complying with such a state regime.

**B.   Joinder Under Louisiana Law**

As defined in the Louisiana Code of Civil Procedure, "[c]umulation of actions is the joinder of separate actions in the same judicial demand, whether by a single plaintiff against a single defendant, or by one or more plaintiffs against one or more defendants." *La. Code Civ. Proc. Ann.* art. 461. Article 463 provides the applicable rule governing joinder in this case:

> Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:
>
> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

*La. Code Civ. Proc. Ann.* art. 463.

   *(a)   Community of Interest*

Under the first element of the Article 463 test, the Court is to determine whether a "community of interest" exists among the defendants and the actions. The Court concludes that such community does not exist here. The Louisiana Supreme Court has

defined "community of interest" as "the parties' causes of actions (or defenses) 'arising out of the same facts, or presenting the same factual and legal issues.'" *Stevens v. Bd. of Trustees of Police Pension Fund of City of Shreveport*, 309 So. 2d 144, 147 (La. 1975) (quoting Official Revision Comment (c), Article 463, and reasoning that "the liberal community-of-interest requirement for permissive joinder of parties ... reflects a policy-value ... to avoid where possible a multiplicity of actions in the interests of judicial efficiency, providing it can be done without unfairness to the parties affected"). Elaborating, the Louisiana Fourth Circuit Court of Appeal has stated that a "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together." *Mauberret-Lavie v. Lavie*, 850 So. 2d 1, 2 (La. App. 4th Cir. 2003), *writ denied*, 861 So. 2d 569 (La. 2003).

Plaintiff makes much of the fact that her petition alleges that neck and lower back injuries sustained in the first accident were *aggravated* in the second accident. But, notwithstanding the permissive language of *Stevens* and *Mauberret-Lavie*, Louisiana courts are clear that a community of interest between tortfeasors requires more than a plaintiff's allegations that the second accident aggravated injuries sustained in the first. No clearer

10

pronouncement exists than in the Louisiana Supreme Court case of *Jones* v. *Arnold*, 589 So. 2d 1 (La. 1991). There, in a *per curiam* opinion, the court addressed a case containing "cumulated actions against two separate defendants for damages for plaintiff's injuries, allegedly caused by one automobile accident and later aggravated by a second accident[.]" *Id.* at 1. En route to answering another question, the court determined that "the cumulation was improper under La. Code Civ. Proc. art. 463 because there was no community of interest between the parties joined[.]" *Id.* The unambiguous declaration of the state's highest court should have counseled Davis against cumulating her actions in one Jefferson Parish courtroom.

More recently, Louisiana's Third Circuit examined a case involving plaintiffs' cumulation of claims arising from three auto accidents, occurring within a six-week span and involving three unrelated defendant drivers. *LaBorde v. Am. Nat'l Prop. & Cas. Cos.*, 780 So. 2d 501, 502 (La. App. 3rd Cir. 2001). The court held that there was not a substantial community of interest among the parties joined, despite allegations that the second and third accidents aggravated the injuries sustained in the first:

> The operative facts which give rise to Mary's actions are derived from three separate occurrences. There are no common facts among the three tortfeasors relating to liability. As to damages, the plaintiff has the burden of proving what damages were caused by each accident. Although an injury in one accident may be aggravated or exacerbated by a later accident, it is up to the injured plaintiff to prove, as a separate injury, the aggravation or exacerbation. There is no

11

> community of interest between the parties joined. Thus, the
> trial court properly granted the exception of improper
> cumulation of actions.

*Id.* at 503 (internal citation omitted).

This same analysis applies here. The facts of these two accidents do not overlap and there are no common liability issues. Plaintiff must prove the extent of any aggregation of her condition as a separate injury from the second accident. There is no community of interest between the defendants involved in the two accidents.

### (b) Proper State Court Venue

Under the second element of the Article 463 test, the Court is to determine whether plaintiff cumulated the actions in a state court of proper venue as to all parties. Louisiana Code of Civil Procedure Article 42 provides the general venue rules for litigation in Louisiana courts. An action against an individual domiciled in the state "shall be brought in the parish of his domicile" or "in the parish of his residence" if he resides but is not domiciled in the state. *La. Code. Civ. Proc. Ann.* art. 42. A suit against a domestic insurer "shall be brought in the parish where its registered office is located." *Id.* Both Ghanem and his insurer Progressive Security, defendants in the action arising

from the second accident, are domiciled in Jefferson Parish.[13] Accordingly, defendant Progressive Specialty argues that Jefferson Parish, and not Orleans Parish, was the proper venue in which to bring the action arising from the second accident.[14]

The general venue rules of Article 42 are subject to the exceptions set forth in Articles 71 through 85, however. Among them is Article 74, which allows a plaintiff to bring an action for the recovery of damages "in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained." *La. Code. Civ. Proc. Ann.* art. 74. Plaintiff brought her action arising from the first accident in Orleans Parish, where that accident occurred. She argues that joinder of the defendants involved in the second accident was appropriate in that venue, as well, since the trial will involve the same core of operative facts, and will require the same documentary and testimonial evidence regarding the injuries sustained.[15]

Plaintiff's analysis of the Louisiana's venue laws is flawed. Louisiana courts "interpret the phrase 'where the damages are sustained' to mean the place where the negligence or breach of duty which caused the damage occurred." *Lapeyrouse v. United Servs. Auto. Assoc.*, 503 So. 2d 627, 628 (La. App. 4th Cir.

---

[13] R. Doc. 1-2 at 1, 7, 10-11.

[14] *Id.* at 11.

[15] R. Doc. 12 at 3.

1987). *See also Harris v. Miller*, 2008 U.S. Dist. LEXIS 4838, at *7-8 (E.D. La. 2008) ("[T]he overwhelming weight of authority holds that damages are considered sustained wherever the initial damages were suffered (*i.e.* where the wrongful conduct occurred), even if these damages increase elsewhere."). In this case, the second accident occurred in Jefferson Parish. That plaintiff argues this accident exacerbated injuries sustained from the earlier accident occurring in Orleans Parish is of no moment; defendant Ghanem's alleged negligence occurred exclusively in Jefferson Parish, where he rear-ended plaintiff. The Article 74 exception thus proves unavailing for plaintiff. Plaintiff has not offered alternative theories or statutory sections to demonstrate that venue in Orleans Parish was proper as to all defendants.

*(c) Mutually Consistent Actions and Same Form of Procedure*

Finally, Article 463 requires that all of the actions cumulated "are mutually consistent and employ the same form of procedure." *La. Code Civ. Proc. Ann.* art. 463. In light of the Court's analysis of the first two prongs of Article 463, the Court finds that cumulation of the actions was improper under state law regardless of whether this third factor is satisfied.

**C.     Egregiousness**

Even though the Court finds that two of the elements of the Article 463 test have not been met, the citizenship of defendants involved in the second accident will only be ignored in this Court's jurisdictional analysis if the misjoinder was so egregious as to constitute improper joinder under *Tapscott*. When courts in this district have considered egregiousness under Louisiana law, the focus has centered on the connection between the parties and the claims. *See, e.g., Bright v. No Cuts Inc.*, 2003 U.S. Dist. LEXIS 19123, at *25 (E.D. La. 2003) (finding a "palpable connection" between a negligence claim and a product defect claim, based in part on the singular series of events alleged leading to plaintiff's death, the common questions of fact, and the overlapping issues of law); *Accardo*, 2007 U.S. Dist. LEXIS 6859, at *17-20 (finding egregious misjoinder when the only factual overlap among the actions was that plaintiffs' properties were all damaged by the same hurricanes). Here, however, not only has plaintiff cumulated actions bearing no real connection to each other, but she has done so in a venue inappropriate as to defendant Ghanem and his insurer. The Court finds joinder egregious first because Louisiana Supreme Court authority indicates that joinder of defendants under these circumstances is improper, and second because plaintiff's flouting of Louisiana's venue rules serves as additional evidence

15

of plaintiff's effort to bring all defendants into a single action in order to defeat federal jurisdiction.

This Court is aware of one case from the Eastern District of Louisiana in which the joinder of actions arising from two unrelated auto accidents was found not to be egregious. *Bienemy*, 2010 U.S. Dist. LEXIS 12748, at *14-17. There, however, the Court examined the case through the lens of federal rather than state joinder rules, and the propriety of the state court venue was not at issue. *Id.* Therefore, *Bienemy* is distinguishable from the case now before the Court.

Based on the foregoing analysis, the presence of nondiverse defendants does not defeat jurisdiction.

### III. CONCLUSION

There being federal jurisdiction over the action arising from the first car accident[16], the claims asserted against defendants Jeremy Cassidy, Wills Valley Meats, and Progressive Specialty shall remain in this Court. The Court severs and remands to state court the claims asserted against nondiverse defendants Ghanem and his insurer, Progressive Security. *See Tapscott*, 77 F.3d at 1355-60 (affirming the district court's decision to sever and remand the claims against the nondiverse

---

[16] The parties do not dispute that the amount in controversy requirement is met.

defendants for lack of diversity jurisdiction); *Asher v. 3M*, 2005 U.S. Dist. LEXIS 42266, at *42 (E.D. Ky. 2005) ("Typically, the proper remedy for misjoinder ... would be for the court to exercise jurisdiction over the action, sever the claims and remand the claims of the nondiverse [parties].").

For the foregoing reasons, the Court DENIES plaintiff's motion to remand the entire matter, and GRANTS Progressive Security's and Ghanem's motion to remand those claims asserted against them.

New Orleans, Louisiana, this 13th day of December, 2011.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE